UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **PARK WEST GALLERIES, INC.,**<br><br>                                        *Plaintiff,*<br><br>              *-against-*<br><br>**ALP, INC.,**<br><br>                                        *Defendant.* | Case No. _____<br><br>Oakland County Circuit Court Index<br>Number: 2020-180394-CB |

JASON D. KILLIPS (P67883)
Attorney for Plaintiff
Brooks Wilkins Sharkey & Turco PLLC
401 S. Old Woodward Ave., Suite 400
Birmingham, Michigan 48009
(248) 971-1800
killips@bwst-law.com

PAUL J. MILLENBACH P42795
RACHEL G. OLNEY P80016
Foster Swift Collins & Smith PC
28411 Northwestern Hwy., Suite 500
Southfield, MI 48034
Phone: 248.539.9908
Fax: 248.200.0252
pmillenbach@fosterswift.com

## NOTICE OF REMOVAL

**TO:       THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN**

**PLEASE TAKE NOTICE** that in accordance with 28 U.S.C. §§ 1332, 1441, 1446 and Local Civil Rule 81.1, Defendant ALP, Inc., by and through its counsel, hereby removes the matter entitled *Park West Galleries, Inc., v. ALP, Inc*., bearing Case No. 2020-180394-CB, currently pending in the Business Court in the Circuit Court for the County of Oakland in the

1

State of Michigan, to the United States District Court for the Eastern District of Michigan. The bases for removal are set forth below:

## STATEMENT OF JURISDICTION

1.     This is a civil action for which the Court has original jurisdiction under 28 U.S.C. § 1332(a) and for which removal to this Court is appropriate pursuant to 28 U.S.C. §§ 1441, 1446.

## BACKGROUND

2.     Plaintiff Park West Galleries, Inc. filed a Complaint against Defendant ALP, Inc. on March 19, 2020 in the Circuit Court for the County of Oakland, bearing Case No. 2020-180394-CB.

3.     The action was served upon Defendant ALP, Inc. on June 10, 2020.  A copy of the summons and complaint, which constitute all process and pleadings filed in the state court action are attached as composite **Exhibit A**.  A copy of the Circuit Court docket is attached hereto as **Exhibit B**.

4.     The Complaint seeks to vacate and/or modify an arbitration award rendered on February 28, 2020.

5.     Defendant believes that Plaintiff's allegations are without merit, that any motion to vacate or modify the arbitration award by Plaintiff would be untimely, and that the arbitration award should be confirmed.

## DIVERSITY JURISDICTION AND PROCEDURAL REQUIREMENTS

6.     Plaintiff Park West is a Michigan corporation with its principal place of business in Southfield, Michigan.

7.      Defendant ALP is a New York corporation with its principal place of business in New York, NY.

8.      In the demand for arbitration that underlies this action, Plaintiff sought damages of "no less than $500,000."

9.      The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant, and the subject of the dispute has a value in excess of $75,000, exclusive of interests and costs.

10.     The prerequisites for removal under 28 USC 1441 have been met.

11.     This notice of removal is being filed within 30 days of receipt of the Complaint and Summons by Defendant, as required by 28 USC 1446(b).

12.     In accordance with 28 U.S.C. § 1446(d), written notice of the removal of this case together with a copy of this Notice of Removal with attached exhibits will be filed with the Circuit Court for the County of Oakland, and served on Plaintiff's counsel.

13.     The allegations of this notice are true and correct and this case is within the jurisdiction of the United States District Court for the Eastern District of Michigan.

14.     Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant ALP, Inc. removes this action from the Circuit Court of the County of Oakland, to the United States District Court for the Eastern District of Michigan.

Respectfully submitted,

Dated: June 18, 2020

/s/ Paul J. Millenbach
PAUL J. MILLENBACH P42795
Foster Swift Collins & Smith PC
28411 Northwestern Hwy., Suite 500
Southfield, MI 48034
Phone: 248.539.9908
Fax: 248.200.0252
pmillenbach@fosterswift.com

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument, and related documents if any, was served upon the attorneys of record of all parties by the court's efiling/service system on June 18, 2020.  I declare under penalty of perjury that the above statement is true to the best of my knowledge, information and belief.

/s/ Amy Katzman
AMY KATZMAN

---

4

# EXHIBIT A

Approved, SCAO

| | | |
|---|---|---|
| | Original - Court | 2nd copy - Plaintiff |
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS** | |
| 6th **JUDICIAL CIRCUIT** | | 2020-180394-CB |
| **COUNTY PROBATE** | | |

| Court address | Court telephone no. |
|---|---|
| 1200 North Telegraph Road, Pontiac, MI 48341 | (248) 858-0344 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Park West Galleries, Inc. | v | ALP, Inc.<br>37 West 65th Street, 6th Floor<br>New York NY 10023 |

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| Jason D. Killips (P67883)<br>Brooks Wilkins Sharkey & Turco PLLC<br>401 S. Old Woodward, Suite 400<br>Birmingham, MI  48009<br>(248) 971-1730        killips@bwst-law.com |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in  ☐ this court,  ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action  ☐ remains  ☐ is no longer  pending.

Summons section completed by court clerk.        **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 6/9/2020 | 09/08/2020 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (1/19)   **SUMMONS**                                                    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

FILED   Received for Filing   Oakland County Clerk   6/9/2020 2:02 PM

**SUMMONS**

Case No. 2020-180394-CB

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the summons and complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | **TOTAL FEE** $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____     Signature: _____
Date                                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____ .
Signature

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND
BUSINESS COURT

Park West Galleries, Inc.,

 Plaintiff,

v.

ALP, Inc.,

 Defendant.

Case No. 2020-_____-CB

Hon.   2020-180394-CB

JUDGE MARTHA D. ANDERSON

---

Jason D. Killips (P67883)
Keefe A. Brooks (P31680)
Brooks Wilkins Sharkey & Turco PLLC
Counsel for Park West
401 S. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
248.971.1800
killips@bwst-law.com

---

# Park West's Complaint to Vacate, Modify, or Correct Arbitration Order

*This case meets the statutory requirements to be assigned to the business court. MCR 2.112(O)(1); MCL 600.8031.*

*Civil actions relating to, but not arising directly out of, this transaction or occurrence is pending in the Supreme Court of the State of New York, New York County, entitled ALP, Inc. v. Park West Gallery, Inc., et al., Case No. 153949/2019 and in the United States District Court for the Southern District of New York, Park West Galleries, Inc. v. ALP, Inc., Case No. 1:19-cv-03360.*

Plaintiff Park West Galleries, Inc., through its counsel, Brooks Wilkins Sharkey & Turco PLLC, states the following as its complaint to vacate, clarify, or modify an arbitration order issued in an arbitration against Defendant ALP, Inc.:

FILED    Received for Filing    Oakland County Clerk    3/19/2020 2:55 PM

## PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff Park West is a Michigan corporation with its principal place of business in Oakland County, Michigan.

2.  Upon information and belief, Defendant ALP is a New York corporation with its principal place of business in the state of New York.

3.  This Court has jurisdiction over this matter under MCL 600.601 and 600.605 because the amount in controversy exceeds $25,000 exclusive of interest, costs, and attorneys' fees, and the causes of action at issue are properly determined by this Court. It also has jurisdiction under Michigan's arbitration act because the parties' agreement to arbitrate calls for arbitration in Michigan. MCL 691.1706.

4.  This matter is a business or commercial dispute between two business entities, and so is properly heard by the business court. MCL 600.8031.

5.  Venue is appropriate in this Court because the matter arises out of an arbitration that the parties agreed to conduct in Southfield, Oakland County, Michigan.

## GENERAL ALLEGATIONS

6.  Park West is an art gallery based in Southfield, Michigan. Park West sells fine art around the world through land and cruise ship-based sales and auctions and through its gallery locations. Park West represents numerous fine artists. For many years, Park West was the exclusive agent for the cruise ship sale of artwork by the renowned American artist Peter Max.

7.  ALP was founded by Peter Max in 2000 to produce and sell his iconic art. The shareholders of ALP are Peter's son Adam Max (40%), his daughter Libra Max (40%) and Peter (20%). In addition to owning shares in the company, Adam Max also served as ALP's President with chief executive responsibilities for the operation of

the company since approximately 2014. Peter Max has reportedly suffered in recent years from health issues and his business affairs are now managed by a guardian.

8.   Over the years, Park West and ALP entered into various agreements for the acquisition and production of Peter Max artwork by Park West for resale in Park West's galleries and auctions.

9.   On October 31, 2018, Park West and ALP entered into an agreement (the "Agreement") whereby Park West agreed to purchase, and ALP agreed to sell 23,259, works of art by Max for $14,666,983.20. These works were part of larger collection of over 90,000 Max works of art referred to as "Peter's Keepers," which had been retained in inventory for later re-sale. The Agreement was signed by Adam Max who at the time was President of ALP. Park West fully paid the purchase price and the works subject to the Agreement were shipped to Park West.

10. On or about December 10, 2018, the shareholders of ALP met and Peter Max's guardian agreed with Libra Max to the appointment of new board of directors for ALP with Libra Max as chair. In 2019, Libra Max took complete control of the company and ousted Adam from his executive position.

11. On April 5, 2019, Jeffrey M. Eilender, a New York lawyer whom Libra retained to represent ALP, unexpectedly contacted Park West's counsel to advise that he was investigating the circumstances surrounding the October 31, 2018 Agreement. He said that he and Libra believed that ALP had grounds to challenge Adam Max's authority to enter into the Agreement notwithstanding that Adam was President of ALP at the time he signed the Agreement. Eilender demanded that Park West freeze all sales of the Keepers and provide an accounting of unsold works. Park West refused.

12. On April 15, 2019, Park West filed an action in federal court in New York against ALP alleging that the October 31, 2018 Agreement was fully enforceable and valid. Park West sought a declaration that Adam Max had authority to enter the

— 3 —

Agreement and that Park West was the rightful owner of the Keepers works it acquired pursuant to the Agreement. Park West asserted a claim for breach of contract against ALP based on the Agreement.

13.   On April 16, 2019, ALP filed its own Complaint against Park West in the Supreme Court of the State of New York, which was superseded by a First Amended Complaint ("FAC") filed on July 19, 2019. ALP also joined as a non-diverse defendant Gene Luntz, an art broker who represented Peter Max and ALP.

14.   ALP asserted five claims for relief against Park West as follows:

- Count 1 (Conversion): Alleging that Park West converted ALP's artwork and seeks damages for conversion in the amount of "no less than $200 million."

- Count 2 (Declaratory relief): Seeking disgorgement of all amounts Park West has received for any Keepers it has sold after the acquisition.

- Count 5 (Aiding and abetting a breach of fiduciary duty): Alleging that Park West aided and abetted Luntz' supposed breach of fiduciary duty and seeks damages of over $200 million.

- Count 6 (Replevin): Demanding that Park West return all Keepers to ALP (without offering to refund Park West's purchase price).

- Count 7 (Breach of express contract): Alleging that Park West has failed to pay approximately $2.6 million on allegedly outstanding invoices for art purchases unrelated to the Keepers' Agreement.

ALP also alleged other causes of action against other parties.

15.   In total, ALP sought damages against Park West in the amount "of at least $385 million." ALP never sought rescission of the Agreement and did not offer to return the approximately $14.7 million purchase price paid by Park West for the Keepers.

16. During the summer of 2019, ALP and Park West engaged in negotiations to settle or narrow the issues in dispute. Ultimately, on or about August 15, 2019, Park West signed and delivered to counsel for ALP a "Partial Settlement Agreement and Limited Release," dated as of August 7, 2019 (the "Release"). ALP possesses a copy of the Release.

17. The Release provides that in exchange for 100% of the amount demanded by ALP in Count VII of the FAC, ALP would (a) file a notice of discontinuation of Count VII, and additionally (b) release Park West from all claims "whether known or unknown, from the beginning of time to the date of this agreement, relating to or arising out of the sale of goods by ALP to Park West EXCEPT for ALP's claims for breach of contract relating to the enforceability of the agreement for the sale of goods described in the FAC as the Peter's Keepers (which ALP claims was unauthorized)."

18. The Release also provides for arbitration of any disputes arising from or related to the Release to be resolved in arbitration in Michigan.

19. On November 27, 2019, ALP countersigned the Release, provided it to counsel for Park West, and demanded payment of the settlement payment provided for in the Release.

20. Park West made the payment pursuant to the Release on or about December 4, 2019.

21. On December 10, 2019, counsel for Park West wrote to ALP to confirm that ALP would not pursue claims in the FAC against Park West that were not contract-based claims relating to the enforceability of the Keepers' Agreement—the only claims preserved in the Release.

22. On December 10, 2019, ALP filed in the New York action a "Notice of Partial Discontinuance," advising that it was dismissing only Count VII in the FAC

for breach of contract arising out of alleged unpaid invoices unrelated to the Keepers' transaction.

23. ALP, however, continued to pursue non-contract claims unrelated to the enforceability of the Keepers Agreement, including claims for conversion and aiding and abetting breaches of fiduciary duty, which claims seek damages of over $385 million, even though the Release applies to all claims of any nature whatsoever "EXCEPT for . . . breach of contract claims relating to the enforceability" of the Keepers Agreement.

24. On December 12, 2019, Park West initiated an arbitration in Michigan seeking a declaratory judgment to the effect that the Release preserves only contract-based claims by ALP about the enforceability of the Keepers Agreement such that ALP's insistence on the pursuit of claims for conversion, replevin, disgorgement and aiding and abetting a breach of fiduciary duties violates the Release.

25. Park West also demanded damages for breach of contract.

26. Thereafter, ALP answered and moved for summary disposition, which Park West opposed.

27. On February 28, 2020, the arbitrator issued an opinion and order granting ALP's "Motion to Strike Claimant's Confidential Demand for Arbitration" with prejudice (the "Order"). ALP possess a copy of the Order. The Order was entered without hearing and the arbitrator has not granted a hearing with respect to the arbitration demand.

28. The Arbitrator did not rule on the declaratory relief requested.

29. The Arbitrator did not rule on the breach of contract claim asserted in the arbitration demand.

30. The Arbitrator supposedly granted ALP's "Motion to Strike" and struck the arbitration demand; however, ALP did not move to strike.

— 6 —

31. The Order exceeds the Arbitrator's powers because he has granted a motion to strike the arbitration demand when no such motion was ever filed.

32. The Order exceeds the Arbitrator's powers because the Arbitrator has determined the meaning of a Release that ALP has contended contains a scrivener's error and typo without consideration of the parties' intent.

33. The Order exceeds the Arbitrator's powers because the Arbitrator has determined the meaning of a Release without conducting a hearing.

34. The Order exceeds the Arbitrator's powers because the Arbitrator is not free to ignore the express terms of the very agreement conferring jurisdiction on the Arbitrator.

35. The arbitrator refused to conduct a hearing and refused to hear evidence material to the controversy.

## COUNT I
## VACATION OF ARBITRATION AWARD

36. Park West incorporates all previous paragraphs.

37. If the Order is an "award" under § 19 of Michigan's uniform arbitration act, MCL 691.1699, this Court may vacate it if, among other reasons, the arbitrator exceeded the scope of the arbitrator's powers or refused to refused to hear evidence material to the proceedings, MCL 691.1703.

38. The arbitrator here exceeded the scope of his powers in the ways stated above.

39. The arbitrator did not hear evidence material to the proceedings.

40. So this Court should vacate the Order.

## COUNT II
## MODIFICATION OR CORRECTION OF AWARD

41. Park West incorporates all previous paragraphs.

42. The Order contains an evident mistake in the description of the scope of the Release.

43. The Order may be modified or corrected to correctly refer to the scope of the Release without affecting the merits of the controversy.

44. If the Order is an "award" under § 19 of Michigan's uniform arbitration act, MCL 691.1699, this Court may modify or correct it if the arbitrator makes an award on a claim not submitted to the arbitrator. MCL 691.1704.

45. The arbitrator here made an award on a claim not submitted to him when he entered the Order based on a fundamental misunderstanding of Park West's position.

46. So this Court should modify or correct the Order.

WHEREFORE, Park West respectfully request that this Court vacate, modify, or correct the Order and remand this matter to the AAA for hearing on the Demand for Arbitration under the rules of the AAA, and grant to Park West any other relief to which it may be entitled.

Respectfully submitted,

**BROOKS WILKINS SHARKEY & TURCO**

 /s/ Jason D. Killips (P67883)
Counsel for Park West
401 S. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
Date: March 19, 2020          248.971.1730 / killips@bwst-law.com

# EXHIBIT B

# Court Explorer

 Register of Actions                                   ← Go Back

**Case Number**
2020-180394-CB
**Entitlement**
PARK WEST GALLERIES INC vs. ALP INC
**Judge Name**
MARTHA D. ANDERSON
**Case E-Filed**
YES
**Case Filed**
03/19/2020
**Case Disposed**
00/00/0000

| Date | Code | Desc |
|------|------|------|
| 06/09/2020 | MPS | MIFILE PROOF OF SERVICE FILED |
| 06/09/2020 | SI | SUMMONS ISSUED |
| 03/19/2020 | NTC | NOTICE FILED ASSIGN BUS CT |
| 03/19/2020 | C | COMPLAINT FILED |

Contact Us   |   FOIA   |   Privacy/Legal   |   Accessibility   |   HIPAA